IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,774-01




EX PARTE ESMAEL VILLASANA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W 401-82937-2012 IN THE 401ST DISTRICT COURT
FROM COLLIN COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to evading arrest
and was sentenced to six years’ imprisonment. He did not appeal his conviction. 
            Applicant contends that his plea was induced by a promise of pre-sentencing jail time credit,
and that the agreement was breached when he was not credited with all the time he was promised. 
The record contains conflicting information regarding how much credit Applicant believed he would
be getting in exchange for his plea of guilty. Applicant has alleged facts that, if true, might entitle
him to relief. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. The trial court shall obtain an affidavit from Applicant’s trial counsel, stating specifically
whether the granting of a specific amount of time credit was an affirmative element of the plea
agreement in this case. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall make findings of fact and conclusions of law as to whether a specific
amount of time credit was an affirmative element of Applicant’s plea agreement, and if so, what that
amount was, regardless of whether or not Applicant could actually be granted that amount of credit
for pre-sentencing jail time. The trial court shall make findings of fact as to whether Applicant’s
plea was knowingly and voluntarily entered, and as to whether or not the plea agreement was
breached. The trial court shall supplement the habeas record with any documents or transcripts of
the plea proceedings which support the court’s findings of fact. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: February 5, 2014
Do not publish